IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHY N. WILLITS,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.

Case No. 1:13-cv-01235-TC

OPINION AND ORDER

COFFIN, Magistrate Judge:

    Plaintiff brings this action pursuant to the Social Security Act (Act) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under the Act. The Commissioner's decision is affirmed and this case is dismissed.

<u>DISCUSSION</u>

    Plaintiff asserts that the Commissioner's decision should be reversed and remanded for the payment of benefits. Plaintiff

1 - OPINION AND ORDER

argues that the Administrative Law Judge (ALJ) erred by: 1) failing to provide clear and convincing reasons for rejecting her testimony; 2) rejecting the opinion of her treating physician; 3) failing to develop the record regarding the functional limitations caused by her fibromyalgia and arthritis; 4) substituting her own opinion for that of her treating doctor and failing to consider whether the combined effects of her multiple impairments would result in a finding of disabled; and 5) basing her decision on the opinion of the vocational expert (VE), which was based on an incomplete hypothetical. Pl.'s Br. 5-6.

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). In reviewing plaintiff's alleged errors, this court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

///

2 - OPINION AND ORDER

I.  Plaintiff's Credibility

Plaintiff argues that the ALJ erred by failing to state clear and convincing reasons for rejecting her testimony. Pl.'s Br. 24.

The ALJ found plaintiff's complaints less than credible because she "engage[d] in activities in excess of her reported activities," was not "fully compliant with treatment recommendations," and provided inconsistent statements concerning her alleged symptoms. Tr. 25. The ALJ noted, for example, that plaintiff told her treating physician, Dr. Berryman Jr., M.D., that she had difficulty standing, despite previous reports where she stated that she was only "able to perform her work as a customer service representative because she was able to stand." Tr. 27.

The ALJ also noted that plaintiff described her daily activities as "significantly limited by symptoms of pain and fatigue" and that she could only lift five pounds, sit or stand for five minutes, and walk for up to ten minutes. Tr. 22-23. However, contrary to plaintiff's claimed limitations, the ALJ pointed to therapy notes from October 2009, where plaintiff reported that "she had spent hours raking the yard," was "noted for multiple blisters on her hands," and despite complaints of arm pain, intended to go home after the appointment "to do some more raking and to bake some pies." Id. The ALJ also observed that "ongoing records through November 2009 reflect she continued performing raking, and reported many other activities in excess of her alleged limitations,

3 - OPINION AND ORDER

including vacuuming and doing laundry" and that plaintiff "reported she was doing a lot of cleaning and other household activities and denied much pain associated with these exertions." Tr. 26. Moreover, the ALJ noted that in December 2009, plaintiff "reported she was doing better with less pain" and "stated she continued to be engaged in most activities, including carrying firewood and working around the house for hours at a time." Id.

In addition to noting specific instances where plaintiff's daily activities exceeded her claimed limitations, the ALJ also pointed to specific instances where plaintiff failed to follow treatment recommendations and lied about her ongoing tobacco use. The ALJ noted, for example, that plaintiff's physical therapy chart showed "several no shows/cancellations, such that she was discharged." Tr. 26. Additionally, the ALJ observed that despite repeated warnings from Dr. Berryman about the effects of smoking on her symptoms, plaintiff continued to smoke one to two packs per day. Tr. 23, 25, 27, 549, 552. The ALJ also noted that during an appointment with consultative examiner, Dr. Solomon, D.O., plaintiff "reported she had quit smoking, [but] was observed smoking out in the parking lot." Tr. 27. Finally, the ALJ noted that despite developing persistent sinus problems, watery and swollen eyes, and chronic conjunctivitis that an allergist attributed to plaintiff being "clearly allergic to cat and dog dander," she continued to keep two cats in her home. Tr. 23.

4 - OPINION AND ORDER

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).

The ALJ may consider objective medical evidence and the claimant's treatment history as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. Smolen, 80 F.3d at 1284. The ALJ may also employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying and prior inconsistent statements concerning the alleged symptoms. Id. The ALJ may also consider the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge about the claimant's functional

5 - OPINION AND ORDER

limitations. Id. Daily activities may serve as a basis for discrediting a claimant where they either "are transferable to a work setting" or "contradict claims of a totally debilitating impairment." Molina v. Astrue, 674 F.3d 1104, 1112-13 (9th Cir. 2012). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Here, the record reveals that plaintiff's credibility was impaired by inconsistent statements concerning her alleged symptoms, as well as by her activities of daily living. Specifically, the ALJ observed that despite claiming that she could stand for only five minutes, walk for only ten minutes, and carry no more than five pounds, plaintiff remained able to carry firewood, she spent hours raking the yard and working around the house, and arrived to a doctors appointment with blisters on her hands. The record also reveals that plaintiff failed to follow treatment recommendations and that she lied to a consultative examiner about her continued tobacco use.

In sum, the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's subjective symptom statements. While variable interpretations of this evidence may exist, the ALJ's analysis was nonetheless reasonable, such that it must be upheld. See Batson v. Comm'r of

Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004).

II. Dr. Berryman's Opinion

Plaintiff next argues that the ALJ improperly relied on the opinions of Drs. Scott Pritchard, D.O., and Richard Alley, M.D., over those of her treating physician, Dr. Berryman, with regard to her physical limitations. Pl.'s Br. 6; Pl.'s Reply Br. 4. Plaintiff also argues that the ALJ erred by referencing her activities from October and November of 2009 when discrediting Dr. Berryman's April 2011 report because those activities were from a year an a half prior to the issuance of Dr. Berryman's report and her spinal pain and fibromyalgia symptoms were aggravated by a May 2009 vehicle accident. Pl.'s Br. 16.

The ALJ gave "limited weight" to Dr. Berryman's assessment, noting that it was "not consistent with the treatment record as a whole" and was "clearly based on [plaintiff's] subjective reports," that she found not credible. Tr. 27. "After considering the entire record," the ALJ relied instead on the contradicting assessments by Drs. Pritchard and Alley, who opined that plaintiff had improved and that the objective findings in plaintiff's medical files did not support the limitations endorsed by Dr. Berryman. Tr. 28.

In discrediting Dr. Berryman's opinion, the ALJ observed inconsistencies between Dr. Berryman's treatment notes and the record. The ALJ also noted that Dr. Berryman opined that plaintiff

7 - OPINION AND ORDER

could walk one-half block, lift ten pounds rarely, and sit and stand for ten minutes at a time, each for up to two hours per eight-hour work day. Tr. 26. The ALJ noted, however, that treatment records revealed that plaintiff "demonstrated improvement with physical therapy and medication" and, as stated above, plaintiff reported normal activities of daily living. Id. The ALJ also noted that in one of Dr. Berryman's assessments of plaintiff from 2009, which indicated significant functional restrictions, he stated that his opinion was based on plaintiff's complaints, rather than on clinical evidence. Id. The ALJ also noted that in an April 2011 evaluation of plaintiff, Dr. Berryman limited plaintiff due to her pain, but later stated that she was "previously able to work despite her pain." Id. Also, the ALJ observed that contrary to the significant functional restrictions endorsed by Dr. Berryman, treatment records noted that "plaintiff reported 80 to 90 percent improvement by May 2010, and stat[ed] she was staying off pain medications." Tr. 26.

The ALJ also observed that Dr. Berryman repeatedly warned plaintiff about the effects of smoking on her COPD, bronchitis, and exophthalmos and that in his 2011 assessment of plaintiff, Dr. Berryman noted that her tobacco use caused "worsening of joint pain" and "worsening of breathing" and he opined that if she quit smoking, she would experience "less pain" and "improved breathing." Tr. 26, 552. The ALJ noted, however, that when later asked to

8 - OPINION AND ORDER

clarify the effects of plaintiff's tobacco use on her limitations, Dr. Berryman stated only "that plaintiff's arthritis would persist even if she quit smoking." Id.

There are three types of medical opinions in social security cases: those from treating, examining, and non-examining doctors. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ may reject the uncontradicted opinion of a treating physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 830-31; Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).

If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. Barnhart, 427 F.3d at 1216 (citing Lester, 81 F.3d at 830-31). Further, an ALJ may reject a physician's opinion if it conflicts with the physician's other findings. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Although the contrary opinion of a non-treating medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record. Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir. 1989).

Additionally, "[a]n opinion of disability premised to a large extent upon the claimant's own accounts of [her] symptoms and

9 - OPINION AND ORDER

limitations may be disregarded, once those complaints have themselves been properly discounted." Andrews, 53 F.3d at 1043; see also Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001) (claimant's provision of misinformation, unbeknownst to a doctor, served as a legally sufficient reason for rejecting that doctor's opinion). Finally, while an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999).

Here, the ALJ noted that Dr. Berryman's opinion was contradicted by the opinions of Drs. Pritchard and Ally and was also reliant on plaintiff's subjective complaints, which she properly found not credible. Also, plaintiff's argument that the ALJ erred by considering her activities from 2009 when discrediting Dr. Berryman's April 2011 report, because the ALJ's observation of her earlier activities failed to consider that her symptoms were aggravated by a 2009 automobile accident, is without merit. The record reveals that plaintiff's automobile accident took place in May 2009 and the ALJ relied on her daily activities from several months later in October and November 2009. As such, the ALJ's consideration of plaintiff's daily activities during the months after her accident was not an error. Consequently, this court finds that the ALJ did not err in rejecting Dr. Berryman's opinion.

10 - OPINION AND ORDER

III. <u>Development of the Record Regarding Plaintiff's Fibromyalgia</u>

Plaintiff next argues that the ALJ erred by failing to develop the record to determine whether her fibromyalgia was a medically determinable severe impairment. Tr. 21.

The ALJ found plaintiff's fibromyalgia to be a medically determinable severe impairment at step two of the sequential evaluation. Tr. 21. However, the ALJ noted that despite plaintiff's complaints of longstanding fibromyalgia, she "was previously able to perform substantial gainful activity." Tr. 28. In reaching this conclusion, the ALJ resolved that Dr. Berryman's treatment notes "reflect [that plaintiff's] fibromyalgia improved with Lyrica and indicate this condition has remained stable over the last few years." <u>Id.</u> Further, the ALJ noted that plaintiff's "pain complaints are more diffuse than [a] typical pattern of tender point survey" for fibromyalgia. Tr. 28.

An ALJ in social security cases has a duty to fully and fairly develop the record to assure that the claimant's interests are considered. <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001). The claimant bears the burden of proving the existence or extent of an impairment, such that the ALJ's limited "duty to further develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." <u>Mayes v. Massanari</u>, 276 F.3d 453, 460 (9th Cir. 2001). "Ambiguous evidence, or the ALJ's own

11 - OPINION AND ORDER

finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Id. (quoting Smolen, 80 F.3d at, 1288).

Here, the ALJ found fibromyalgia to be a medically determinable severe impairment at step two of the sequential evaluation. However, the ALJ also noted that plaintiff's fibromyalgia improved and remained stable with medication and that she was able to perform substantial gainful activity despite her complaints of longstanding fibromyalgia. Further, the ALJ noted that plaintiff's pain complaints are more diffuse than a typical pattern of tender point survey for fibromyalgia. Moreover, the record reveals that, plaintiff "acknowledge[d] that Dr. Solomon found pain at five of the eighteen musculotendinous points for fibromyalgia, fewer than the number required for a diagnosis of fibromyalgia." Pl.'s Br. 23. Consequently, I find that the ALJ did not err by failing to develop the record with regard to the effects of plaintiff's fibromyalgia on her physical abilities.

IV. <u>Substitution of the ALJ's Opinion for that of Plaintiff's Doctor and the Result of Plaintiff's Multiple Impairments</u>

Plaintiff argues that the ALJ erred by: 1) substituting her own opinion for that of her treating doctor; 2) making her own independent medical findings and speculative inferences from the medical evidence; and 3) failing to acknowledge the combined effects of her fibromyalgia with her other medically determinable

12 - OPINION AND ORDER

severe impairments that "were treated by and together found to be of disabling severity by Dr. Berryman." Pl.'s Br. 27-28.

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). However, physicians may provide opinions on the ultimate issue of disability, for example, whether a claimant is capable of any work, given the claimant's limitations. Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). The ALJ is not bound by the uncontroverted opinions of physicians on disability, but cannot reject them without presenting clear and convincing reasons for doing so. Reddick, 157 F.3d at 725. A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record. Id.

As discussed above, the ALJ properly discredited the contradicted opinion of Dr. Berryman by presenting specific and legitimate reasons supported by substantial evidence in the record. As such, the ALJ did not err by rejecting the opinion of Dr. Berryman with regard to the ultimate issue of her disability.

V. Adequacy of Hypothetical

Plaintiff contends that the ALJ based her decision on the opinion of the vocational expert (VE), which was based on an incomplete hypothetical that failed to accurately reflect her condition. Pl.'s Br. 28. This court disagrees.

13 - OPINION AND ORDER

Limitations supported by substantial evidence must be incorporated into the residual functional capacity and, by extension, the dispositive hypothetical question posed to the VE. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

As discussed above, the statements by plaintiff and Dr. Berryman were properly discredited by the ALJ. Accordingly, plaintiff's argument, which is contingent upon a finding of harmful error in regard to these issues, is without merit. Bayliss, 427 F.3d at 1217-18 ("The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper."). Accordingly, plaintiff's argument fails.

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 17 day of February 2015.

_____
THOMAS M. COFFIN
United States Magistrate Judge

14 - OPINION AND ORDER